IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MARVIN LEWIS DAVIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: 2:07-CV-705-RDP |
| ) | |
| **ATTORNEY GENERAL FOR THE** ) | |
| **STATE OF ALABAMA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OF OPINION

Marvin Lewis Davis ("Petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. #1). On June 26, 1985, Petitioner was convicted in the Circuit Court of Jefferson County of rape in the first degree. On June 27, 1985, Petitioner was sentenced to life without parole in accordance with the Alabama Habitual Offender Act. On June 9, 2000, Petitioner was resentenced to life imprisonment (with the possibility of parole) after one of his three prior enhancing felony convictions was set aside. After being paroled and apparently having his parole revoked, Petitioner is currently incarcerated at the Bibb County Correctional Facility.

On June 30, 2008, the Magistrate Judge's Findings and Recommendation (Doc. #10) was filed. Petitioner has presented a number of objections which the court addresses below. (Doc. #13). For the reasons expressed below, the objections are **OVERRULED**.

**A.**     **The Failure to Cite a Constitutional Violation**

Petitioner contends that he should not be required to identify a specific constitutional ground based upon his flawed reading of Form AO241 (the form to be used in federal courts in filing petitions under 28 U.S.C. § 2254) is meritless. Paragraph 12 of the form clearly states:

> For this petition, <u>state every ground</u> on which you claim that you are being held in violation of the <u>Constitution</u>, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. (emphasis added).
>
> ....
>
> Ground one:
>
> [Followed by sufficient space for two lines of typed material.]
>
> (a) Supporting facts (Do not argue or cite law. Just state the facts that support your claim.):
>
> [Followed by space.]
>
> (b) If you did not exhaust your state remedies on Ground One, explain why:
>
> [Followed by space.]

Although Petitioner states that in response to paragraph 11 on the form that the grounds raised were denial of effective assistance of counsel, lack of jurisdiction and newly discovered evidence, the reference is unquestionably related to his <u>1991</u> Rule 32 petition, not the claims he asserts in the present habeas petition. Petitioner makes no factual allegations which would arguably support a claim of ineffective assistance of counsel.[1] Neither lack of jurisdiction nor newly

---

[1]   In his habeas petition, Petitioner alleged:

> The only evidence that the Petitioner had forcible intercourse with the putative victim, Elizabeth Harris, was the testimony of Ms. Harris that the Petitioner forced her to have intercourse. On July 12, 2005, Elizabeth Harris appeared before a court reporter and recanted her testimony stating under oath that she had consensual intercourse with the Petitioner and reported it to the police as a forcible rape and so testified at trial because she was ashamed of the fact that she had consented to have intercourse. A copy of her sworn statement is attached hereto as Exhibit B. Therefore, the Petitioner is actually innocent of the crime of which he was convicted.

(Doc. #1, p. 6).

discovered evidence is a constitutional claim. The finding that Petitioner has not stated a discrete substantive constitutional claim but only a free-standing actual innocence claim is clearly supported by the record.

B. **Equitable Tolling – AEDPA Statute of Limitations**

The magistrate judge correctly found that the petition was barred by the statutory period of limitation under § 2244(d)(1)(A). The petition was not filed within one year after his June 21, 2002 resentencing. (Doc. # 10, p. 3).

The magistrate judge also found the petition to be untimely under § 2244(d)(1)(D) – that is, Petitioner failed to file his federal habeas petition within one year of learning of the factual predicate of his claim. Ms. Harris's sworn statement was obtained on July 12, 2005; however, Petitioner did not file his Rule 32 petition in state court until more than eleven months later on June 21, 2006. The limitation period would have been tolled under § 2244(d)(2) only while the Rule 32 petition remained pending in state court. The Rule 32 petition appeal period ended at the latest on November 6, 2006 when the certificate of judgment was issued reflecting the dismissal of his appeal as untimely. Petitioner delayed another five months before filing his federal habeas petition. Accordingly, Petitioner's federal habeas petition is untimely under § 2244(d)(1) and (2). (Doc. # 10, p. 4 and n. 4).

The magistrate judge distinguished between tolling under § 2244(d)(2) and equitable tolling and addressed both. (*Id*.). There is no legal authority for the proposition that actual innocence provides a basis for equitable tolling. The magistrate judge properly construed Petitioner's actual innocence argument to be a claim not for equitable tolling but, rather, an argument in support of a non-statutory exception to the statute of limitation.

**C.    The Failure to Consider the Trial Transcript**

The magistrate judge was not provided with the trial transcript prior to filing his findings and recommendation. Respondents did not produce the transcript as the state had argued that the petition was barred by the period of limitation. Because Petitioner contended that he was entitled to an actual innocence exception, it was his responsibility to produce evidence which would demonstrate he was entitled to relief. The court has since reviewed the trial transcript with particular attention to the testimony of Petitioner and the victim.

At trial, both the victim and Petitioner testified that they had sexual intercourse twice. The victim testified that the sexual intercourse was against her will while Petitioner testified that it was consensual.

The victim testified at trial that she fled the house where she had been taken by Petitioner, that he chased her, caught her on the porch of a nearby house where she was trying to get help, hit her in the face and carried her back into the house. (R. 99-101). She testified that Petitioner carried her into a room where he held her down. She said Petitioner's co-defendant came in and pulled down her clothes. (R. 102). The co-defendant left and Petitioner had intercourse with her while he held her hand down on the bed and she "hollered." (R. 103). The victim testified that she did not "want that to happen." (R. 103). The victim escaped, kicked Petitioner in the chest and Petitioner hit her again in the face. (R. 103). She was raped twice that night. (R. 103).

Petitioner testified at trial that he was asleep when the victim came into the room and that he woke up to find the victim standing in the room without any clothes on. (R. 240). Petitioner testified that he had intercourse with the victim "about twice" and that "she wanted it to happen." (R. 241). Petitioner denied striking or forcing the victim to do anything. (R. 242).

4

Twenty years after Petitioner's conviction for rape, the victim gave a statement that consisted of monosyllable answers to a series of leading questions and was conducted in front of someone who may have been a family member of Petitioner.[2] There is no indication the victim was assisted by counsel. The questions were:

Q. Did you go into that other room willingly?

A. Yes.

Q. Did you and he have sexual intercourse in that room?

A. Yes.

Q. Did you consent to having sexual intercourse with him?

A. Yes.

....

Q. Did he have sexual intercourse with you more than once?

A. Yes.

Q. Did you consent to having sexual intercourse with him both times?

A. Yes.

(Doc. # 9-2, pp. 5-6). Counsel even asks through leading questions about the victim's reasons for reporting to the police that she had been raped:

Q. Were you ashamed or afraid of the fact that you might be pregnant?

A. Yes.

Q. Is that why you reported it to the police?

A. Yes.

---

[2]  The person in the room had the same last name as Petitioner.

>    Q. Were you ashamed of the fact that you had consented to have sex with someone?
>
>    A. Yes.
>
>    Q. Is that why you reported it to the police?
>
>    A. Yes.
>
>    Q. But in fact you and he had consensual sex with each other, didn't you?
>
>    A. Yes.
>
>    Q. Was that because you wanted to find out what having sex was about?
>
>    A. Yes.

(Doc. #9-2, p. 6-7). For the reasons discussed by the magistrate judge, the sworn statement of the victim is suspect even when considered together with the trial transcript.

However, in his 1991 Rule 32 petition, Petitioner denied having intercourse with the victim at all, stating that he was unable to get an erection. (Doc. #9-3, pp. 11 and 12 of 31). [3] Petitioner argues that the magistrate judge should not have emphasized the 1991 Rule 32 petition because it was "obviously" prepared by a jail house lawyer and is not relevant to the present position. The identity of the drafter of the 1991 petition is irrelevant. The text was specifically adopted by Petitioner when he signed it. The 1991 petition is relevant to Petitioner's claim of actual innocence because his prior claim for extraordinary relief contradicted his trial testimony.

---

[3] At trial, the victim testified that Petitioner's co-defendant came into the room after Petitioner had intercourse with her. (R. 124). She also testified that the co-defendant was nude and got on top of her but did not have intercourse with her because he [the co-defendant] told Petitioner he could not handle it and got up. (R. 124). Petitioner testified that his co-defendant never entered the room or laid a hand on the victim. (R. 240). In the Rule 32 petition, it appears that Petitioner is attempting to argue mistaken identity – that is, that it was the co-defendant who raped the victim and that he [Petitioner] did not have intercourse with her.

**D.    Legal Analysis**

Despite Petitioner's argument to the contrary, the Supreme Court has never recognized a freestanding actual innocence claim but only a hypothetical freestanding actual innocence claim which would have an "extraordinarily high" threshold. *House v. Bell*, 547 U.S. 518, 555 (2006); *Herrera v. Collins*, 506 U.S. 390, 417 (1993). In *Schlup v. Delo,* 513 U.S. 298, 324 (1995), the Supreme Court held that actual innocence could serve as "a gateway through which a habeas petitioner must pass to have an otherwise barred constitutional claim considered on the merits." "To be credible, [a gateway actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324 (1995).   The threshold requirement under *Schlup* is satisfied only if Petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 513 U.S. at 329. "The sequence of the Court's decisions in *Herrera* and *Schlup*–first leaving unresolved the status of freestanding claims and then establishing the gateway standard–implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*." *House*, 547 U.S. at 555.[4]

In *Schlup*, the Supreme Court stated that the district court could consider all evidence – whether admissible or not – in determining whether Petitioner has carried his burden:

> In assessing the adequacy of petitioner's showing, ... the district court
> is not bound by the rules of admissibility that would govern at trial.

---

[4]    In this context, the proper inquiry reasonable to conclude that no juror would reject the allegedly inconsistent statement obtained outside of court twenty years after the event and choose the victim's testimony even if the statement was offered as impeachment.  A fair-minded juror could easily conclude the statement to be of no probative value.

7

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. ... [W]e believe that Judge Friendly's description of the inquiry is appropriate: The habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial."

513 U.S. at 327-28.

The court must consider Petitioner's 1991 Rule 32 petition as well as the victim's statement made twenty years later in assessing whether Petitioner has met his burden of showing actual innocence. In light of the evolution of Petitioner's position over the years, that the intercourse was consensual (trial), that the intercourse did not occur (1991 Rule 32 petition) and that the intercourse was consensual (based on the victim's suspect statement made twenty years after Petitioner's conviction), Petitioner has failed to "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." This is not a close case under *Schlup* and the burden under *Herrera* is still greater than that required by *Schlup*. Petitioner's showing of innocence falls short of that which would have to be made in order to trigger a freestanding constitutional claim of actual innocence.

To the extent that Petitioner argues that the magistrate judge should have conducted an evidentiary hearing before recommending that the petition be denied, the court concludes that because Petitioner's freestanding actual innocence claim is not cognizable under federal habeas law this court is not required to hold an evidentiary hearing. *See Murrah v. McDonough*, 256 Fed.Appx. 323, 324-26, 2007 WL 4192359, 1 (11th Cir. 2007).

The magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**.

Accordingly, the petition for writ of habeas corpus is due to be **DENIED**. A Final Judgment will be entered.

**DONE** and **ORDERED** this ____31st____ day of July, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE